FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2022 MAR -2 PM 2: 52

CLERK'S OFFICE
AT BALTIMORE

BY_____DEPUTY

**IN THE UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

Karen Campbell McGagh
*Plaintiff,*

V.

Baltimore County, Baltimore County State's Attorney, Baltimore County Police Department, Adam D. Lippe, Brian Wolf, Scott Shellenberger and DOES 1 to 10 inclusive,
*Defendants.*

Case No.

**COMPLAINT FOR DAMAGES**

**JURY DEMAND**

COMES NOW, Karen Campbell McGagh, *Pro Se*, who files this Complaint against Baltimore County, Baltimore County State's Attorney's Office, the Baltimore County Police Department, Adam D. Lippe, Brian Wolf, Scott Shellenberger and DOES 1 to 10, and states as follows:

## PARTIES

1. Karen Campbell McGagh (hereinafter referred to as "McGagh"), Plaintiff, is a 58-year-old resident of Baltimore County. At the time she was maliciously prosecuted by the Defendants, she was 55-years-old working as a public relations consultant in Baltimore County, Maryland. Plaintiffs address for service is 7116 Wardman Road, Baltimore, MD 21212.

2. Defendant Baltimore County Police Department (hereinafter referred to as "BCPD") is a municipal entity and can be served with process at 400 Washington Ave m1 Towson, MD 21204.

3. Defendant Baltimore County State's Attorney (hereinafter referred to as "BCSA") is a municipal entity and can be served with process at 401 Bosley Avenue Towson, MD 21204.

4. Defendant Brian Wolf (hereinafter referred to as "Wolf"), employed by Baltimore County Police Department as a Detective. Defendant Wolf can be served with process at 10705 Red Run Blvd. Owings Mills, MD 21117.

5. Defendant Adam Lippe (hereinafter referred to as "Lippe"), employed by Baltimore County State Attorney's office as a Prosecuting Attorney. Defendant Lippe can be served with process at 401 Bosley Ave Towson, MD 21204.

6. Defendant Scott Shellenberger (hereinafter referred to as "Shellenberger"), employed by the Baltimore County State Attorney's Office. Defendant Shellenberger can be served with process at 401 Bosley Ave Towson, MD 21294.

7. All of the foregoing Defendants are sued in their individual capacities, and all acted under color of law and in the scope of their employment in engaging in the actions alleged in this Complaint.

## JURISDICTION AND VENUE

8. This action is brought pursuant to 42 U.S.C. Section 1983 to redress the deprivation under color of law of Ms. McGagh's rights as secured by the United States Constitution.

9. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1367. Venue is proper under 28 U.S.C. § 1391(b). The parties reside in this judicial district, and the events giving rise to the claims asserted herein occurred here as well.

## FACTS RELATED TO ALL COUNTS

10. In 2017 and continuing thereafter, the above-named defendants engaged in a conspiracy to frame Ms. McGagh for perjury and false statement to a police officer after she reported sexual assault, depriving her of her constitutional rights, and causing severe harm.

11. No one disputes that in 2017 Ms. McGagh was touched ten times during a two-hour ordeal at a Verizon wireless store by their employee.

12. No one disputes the Verizon wireless store video of the incident which captured ten instances of wrongful touching, which is assault. The video did not capture two instances of intimate touching that Ms. McGagh reported.

13. Defendant BCSA's office dropped the charges against the Verizon wireless salesman and charged Ms. McGagh with false statement to a Police Officer and perjury by affidavit.

14. The sex crimes unit did not charge her with a crime, but rather the financial crimes unit's ASA, Defendant Lippe and BCPD's Detective, Defendant Wolf.

15. According to a subsequent Sexual Assault Task Force Review, neither Defendant Lippe nor Defendant Wolf had proper training to investigate or prosecute sexual assault crimes.

16. It was concealed that Defendant Lippe and Defendant Wolf had an undisclosed business relationship at the time.

17. While employed as a detective for Baltimore County, Defendant Wolf opened a private and lucrative professional security firm and a gun range/country club, also in Baltimore County. Defendant Wolf became President of Wolf Professional Security, Inc., head of marketing, and partner/co-owner of the Guntry Club, a private gun range and club.

18. Defendant Wolf failed to disclose the business relationship he had with the Defendant Lippe while they were investigating, charging and trying financial crimes cases, to include Ms. McGagh's.

19. Defendant Lippe worked for Wolf Security as an instructor, creating a conflict of interest with their investigation and prosecution work as paid employees of Baltimore County.

20. Defendants Wolf[1] and Lippe conspired to falsify evidence against Ms. McGagh. One piece of evidence involves testimony by a Dr. Kohn.

21. Court records show that a "Dr. Kohn's" testimony was used to discredit Ms. McGagh, saying he had been assigned to perform a psychological evaluation of Ms. McGagh.

22. Ms. McGagh has never been evaluated by, or much less heard of, this "Dr. Kohn."

---

[1] Defendant Wolf claims he learned of this case after he received an anonymous call to the State's Attorney's office Citizen's Complaint Bureau. There is no citizen's complaint bureau in the Baltimore County State's Attorney's office.

23. Ms. McGagh was seen by a Lois Conn and a Janet Cohn, both of whom say they never said the statements attributed to them.

24. "Dr. Kohn" doesn't appear in searches of the Maryland Board of Physicians or Psychologists or the National Provider Identification (NPI) Database, the Maryland Sexual Harassment Team said.

25. Repeated requests for "Dr. Kohn's" information from the Baltimore County Prosecutor's Office and Maryland Attorney General's Office have gone unanswered.

26. Ms. McGagh was not aware that Defendants BCPD and BCSA's office had a policy of not investigating allegations of assault by women.

27. While the failure to investigate reported assault allegations is well documented, Ms. McGagh is the only woman to be sent to prison for reporting assault.

28. Ms. McGagh sent written notification to Defendants BCSA's Office, Lippe and Shellenberger. Both men continued to use the information to discredit Ms. McGagh although they knew it was false.

29. Ms. McGagh was sentenced to 8 ½ years in prison for false statement to a Police Officer and perjury by affidavit.

30. The Maryland Court of Special Appeals overturned her conviction in March 2020.

31. Defendant BCSA provided false evidence to the Court of Appeals and the Baltimore Attorney General's office in an effort to have Ms. McGagh's conviction reinstated.

32. In February 2021 the Court of Appeals overturned Ms. McGagh's false conviction citing the false information provided by the Baltimore County State's Attorney's office.

33. Ms. McGagh was sent back to prison after being released.

34. At this time, Defendant BCSA's office knew Ms. McGagh uncovered their false evidence.

35. Defendant Lippe lied to keep Ms. McGagh in prison.

36. During the resentencing hearing Defendant Lippe lied to the Court again.

37. This time, with the alleged victim in the Court, Defendant Lippe lied to Judge Ensor saying among other false things that Ms. McGagh sent weekly emails to him about the victim.

38. Ms. McGagh is not in communication with Defendant Lippe and he was unable to produce these emails. Defendant Lippe committed perjury in a perjury case.

39. Ms. McGagh was sent back to prison for what she thought would be the four weeks remaining on her sentence. Ms. McGagh was granted parole in 2019 but was exonerated before her parole release.

40. Once in prison the Parole Board sent her a letter saying that her parole had been "invalidated."

41. David Blumberg, Chairman of the Maryland Parole Board called Ms. McGagh's lawyer to apologize. Mr. Blumberg said that Defendant Lippe and the BCSA's office pressured him to "invalidate" Ms. McGagh's parole.

42. Defendant Lippe used the power of his office to exact revenge on Ms. McGagh, who had discovered the corruption in the State's Attorney's office and the undisclosed business relationship between Defendants Lippe and Wolf.

43. Mr. Blumberg will testify about the pressure that Defendants BCSA and Lippe placed on him regarding Ms. McGagh.

44. Mr. Gordon, Ms. McGagh's lawyer will also testify about the phone call he received from Mr. Blumberg who told him Defendant Lippe was behind the request for invalidating Ms. McGagh's parole.

45. Defendant Lippe then convinced the alleged victim to request an open parole hearing, which he did.

46. Armed and scared with the lies from Defendant Lippe, he testified at Ms. McGagh's parole hearing.

47. Ms. McGagh was released seven weeks later, on parole because the Board found she had an excellent institutional record and showed remorse.

48. Various Baltimore County State's Attorney's will attest that Defendant Lippe contacted them in extrajudicial conversations, designed to harm and discredit Ms. McGagh.

49. Ms. McGagh's attorney Spencer Gordon will attest that Defendant Lippe contacted Maryland Parole Commissioner, David Blumberg to have Ms. McGagh's parole rescinded although she had done nothing wrong.

50. After Ms. McGagh's exoneration was overturned by the false evidence provided by Defendant Lippe, Ms. McGagh had to turn herself in to be resentenced.

51. As a direct result of the actions by the Defendants named herein, Ms. McGagh spent two and a half years of her life wrongfully incarcerated for a crime she did not commit, she experienced severe harm as a result, and her constitutional rights were violated.

## COUNT I -- 42 U.S.C. § 1983 DUE PROCESS

52. Each of the Paragraphs of this Complaint is incorporated as if restated fully herein

53. As described more fully above, all the Defendants, while acting individually, jointly, and in conspiracy, as well as under color of law and within the scope of their employment, deprived Ms. McGagh of her constitutional right to a fair trial.

54. In the manner described more fully above, all Defendants deliberately withheld exculpatory evidence, as well as fabricated false reports and other evidence, thereby misleading and misdirecting the criminal prosecution of Ms. McGagh. Absent this misconduct, the prosecution of Ms. McGagh could not and would not have been pursued.

55. The Defendant's misconduct also directly resulted in the unjust criminal conviction of Ms. McGagh, thereby denying her her constitutional right to a fair

trial, and a fair appeal thereof, in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

56. As a result of this violation of her constitutional right to a fair trial, Ms. McGagh suffered injuries, including, but not limited to, emotional distress, as is more fully alleged above.

57. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Ms. McGagh's constitutional rights.

58. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Baltimore County Police Department in the manner described more fully above.

## COUNT II -- 42 U.S.C. § 1983 FALSE IMPRISONMENT

59. Each of the Paragraphs of this Complaint is incorporated as if restated fully herein. As described more fully above, all the Defendants, while acting individually, jointly, and in conspiracy, as well as under color of law and within the scope of their employment, caused Ms. McGagh to be falsely imprisoned in violation of her constitutional rights.

60. As a result of this violation, Ms. McGagh suffered injuries, including but not limited to emotional distress, as is more fully alleged above.

61. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Ms. McGagh's constitutional rights.

62. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Baltimore County Police Department in the manner described more fully above.

63. As a result of Defendant's perjury by affidavit, Ms. McGagh suffered great mental anguish, humiliation, degradation, physical and emotional pain and suffering, and other consequential damages.

64. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

65. The misconduct described in this Count was also undertaken pursuant to the policy and practice of the Baltimore County Police Department in the manner described more fully above.

## COUNT III -- 42 U.S.C. § 1983 COERCED CONFESSION

66. Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

67. Mr. Wolf and ASA Lippe's theft by deception case fell apart. One person described as a victim was found to have committed perjury by affidavit. She was never charged.

68. Failed to finish. If she didn't confess, she was told she would not make parole.

69. As more fully described above, one or more of the Defendants used unjustified coercion against Ms. McGagh to coerce him to confess to a crime she did not commit.

70. As a result of these violations, Ms. McGagh suffered injuries, including but not limited to emotional distress, as is more fully alleged above.

71. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Ms. McGagh's constitutional rights.

72. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Baltimore County Police Department in the manner described more fully above.

## COUNT IV -- 42 U.S.C. § 1983 6TH AMENDMENT

73. Each of the Paragraphs of this Complaint is incorporated as if restated fully herein. The Defendant's set an unreasonable bail $150,000. Ultimately a Judge released Ms. McGagh on her own recognizance.

74. Sat in jail to see a judge. The police are empowered to conduct investigations to give justice to suspects, whereas prosecutors are empowered to check the investigation conducted by the police and to dispose of the case for the prosecution, following the due process of law.

75. As described more fully above, one or more of the Defendants, all while acting individually, jointly, and in conspiracy, as well as under color of law and within the scope of their employment, denied Ms. McGagh reasonable bail violation of her constitutional rights.

76. As a result of these violations, Ms. McGagh suffered injuries, including but not limited to emotional distress, as is more fully alleged above.

77. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Ms. McGagh's constitutional rights.

78. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Baltimore County Police Department in the manner described more fully above.

## COUNT V -- 42 U.S.C. § 1983 EQUAL PROTECTION

79. Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

80. As described more fully above, Defendants, all while acting individually, jointly, and in conspiracy, as well as under color of law and within the scope of their employment, denied Ms. McGagh equal protection of the law in violation of his constitutional rights.

81. Specifically, these Defendants actively participated in, or personally caused, misconduct in terms of abusing women criminal suspects in a manner calculated to coerce confessions and secure unjust convictions.

82. Said misconduct was motivated by gender bias and constituted purposeful discrimination; it also affected women in a grossly disproportionate manner vis-a-vis similarly situated males.

83. Ms. McGagh was sent to Maryland Correctional Institute for Women and placed with violent criminals.

84. As a result of this violation, Ms. McGagh suffered injuries, including but not limited to emotional distress, as is more fully alleged above.

85. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Ms. McGagh's constitutional rights.

86. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Baltimore County Police Department in the manner described more fully above.

## COUNT VI -- SECTION 1985(3) CONSPIRACY TO DEPRIVE CONSTITUTIONAL RIGHTS

87. Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

88. As described more fully above, each of the Defendants conspired, directly or indirectly, for the purpose of depriving Ms. McGagh of Equal Protection of the law.

89. In so doing, Defendants took actions in furtherance of this conspiracy, causing injury to Ms. McGagh.

90. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

91. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Baltimore County Police Department in the manner described more fully in preceding paragraphs.

## COUNT VII -- SECTION 1983 CONSPIRACY TO DEPRIVE CONSTITUTIONAL RIGHTS

92. Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

93. After the robbery Mr. Wolf and ASA reached an agreement amongst themselves to frame Ms. McGagh for the crime, and to thereby deprive Ms. McGagh of his constitutional rights, all as described in the various Paragraphs of this Complaint.

94. Independently, before and after Ms. McGagh's convictions, each of the Defendants further conspired, and continue to conspire, to deprive Ms. McGagh of exculpatory materials to which she was lawfully entitled and which would have led to her more timely exoneration of the false charges as described in the various Paragraphs of this Complaint.

95. In this manner, the Defendant Officers, acting in concert with other unknown co-conspirators, including persons who are not members of the Baltimore County Police Department, have conspired by concerted action to accomplish an unlawful purpose by an unlawful means.

96. In furtherance of the conspiracy, each of the conspirators committed overt acts and was an otherwise willful participant in joint activity.

97. As a direct and proximate result of the illicit prior agreement referenced above, Ms. McGagh's rights were violated, and he suffered financial damages, as well as severe emotional distress and anguish, as is more fully alleged above.

98. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

99. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Baltimore County Police Department in the manner described more fully in preceding paragraphs, and was tacitly ratified by policy-makers for the City of Baltimore County with final policymaking authority.

### **COUNT VIII -- SECTION 1983 DENIAL OF ACCESS TO COURTS**

100. Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

101. In the manner described more fully herein, each of the Defendants, all while acting individually, jointly, and in conspiracy, denied Ms. McGagh the right to access to courts by their wrongful suppression and destruction of information

and evidence which deprived Ms. McGagh of constitutional claims against potential Defendants.

102. Other claims were diminished by the passage of years, and the accompanying erosion of evidence necessary to prove these claims against those Defendants.

103. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

104. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Baltimore County Police Department in the manner described more fully in preceding paragraphs.

105. An independent team of investigators found that the Baltimore County Police Department and the Baltimore County State's attorney's office were deficient in twenty-areas of investigating and prosecuting assaults against women.

106. The conduct of behavior was coordinated and designed to protect men, particularly white men.

107. There were numerous complaints about the State's Attorney's Office and the Baltimore Police Department in regard to investigating and prosecuting assaults against women. It was the policy of both the Baltimore County Police Department and the Baltimore County State's Attorney's office to refuse to investigate or prosecute allegations of assault by women.

108. Baltimore County Police Officer Fuerer will testify that Det. Wolf instructed Fuerer to call regarding certain crimes. Det. Wolf, with his supervisor's knowledge, refused to investigate some crimes, and framed other defendants. ASA Lippe was a willing participant in this conspiracy.

109. Other of their victims are available to corroborate the conspiracy between Det. Wolf and ASA Lippe, resulting in a number of wrongful convictions and trails.

## COUNT IX -- 42 U.S.C. § 1983 FAILURE TO INTERVENE

110.    Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

111.    In the manner described above, during the constitutional violations described above, one or more of the Defendants (and other as-yet-unknown Baltimore County Police Officers) stood by without intervening to prevent the misconduct.

112.    As a result of the Defendant Officers' failure to intervene to prevent the violation of Ms. McGagh's constitutional rights, Ms. McGagh suffered pain and injury, as well as emotional distress. These Defendants had a reasonable opportunity to prevent this harm but failed to do so.

113.    The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Ms. McGagh's constitutional rights.

114.    The misconduct described in this Count was undertaken pursuant to Baltimore County's Police Department's policy and practice in the manner described in preceding paragraphs.

## COUNT X -- STATE LAW CLAIM MALICIOUS PROSECUTION

115.    Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

116.    Defendants caused Ms. McGagh to be improperly subjected to judicial proceedings for which there was no probable cause.

117.    These judicial proceedings were instituted and continued maliciously, resulting in injury, and all such proceedings were terminated in Ms. McGagh's favor in a manner indicative of innocence.

118.    The Defendants, identified above, accused Ms. McGagh of criminal activity knowing those accusations to be without probable cause, and they made statements to prosecutors with the intent of exerting influence to institute and continue the judicial proceedings.

119. Statements of the Defendant Officers regarding Ms. McGagh's alleged culpability were made with knowledge that said statements were false and perjured. In so doing, the Defendants fabricated evidence and withheld exculpatory information.

120. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

121. As a result of this misconduct, Ms. McGagh sustained, and continues to sustain, injuries including pain and suffering.

## COUNT XI -- STATE LAW CLAIM CIVIL CONSPIRACY

122. Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

123. As described more fully in the preceding paragraphs, Defendants, acting in concert with other known and unknown co-conspirators, conspired by concerted action to accomplish an unlawful purpose by unlawful means.

124. In furtherance of the conspiracy, Defendants committed overt acts and were otherwise willful participants in joint activity.

125. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

126. As a proximate result of Defendants' conspiracy, Ms. McGagh suffered damages, including severe emotional distress and anguish, as is more fully alleged above.

## COUNT XII -- STATE LAW CLAIM INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

127. Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

128. The acts and conduct of the Defendant Officers as set forth above were extreme and outrageous.

129. The Defendant Officers intended to cause or were in reckless disregard of the probability that their conduct would cause, severe emotional distress to Ms. McGagh, as is more fully alleged above.

130. Said actions and conduct did directly and proximately cause severe emotional distress to Ms. McGagh, and thereby constituted intentional infliction of emotional distress.

131. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

132. As a proximate result of Defendants' wrongful acts, Ms. McGagh suffered damages, including severe emotional distress and anguish, as is more fully alleged above.

## COUNT XIII - STATE LAW CLAIM RESPONDENT SUPERIOR

133. Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

134. In committing the acts alleged in the preceding paragraphs, Wolf was a member of, and agent of, the Baltimore County Police Department acting at all relevant times within the scope of employment and under color of law

135. Defendant Baltimore County Police Department and Baltimore County are liable as principal for all torts committed by its agents.

136. In committing the acts alleged in the preceding paragraphs, ASA Lippe was a member of, and agent of, the Baltimore County State's Attorney's Office acting at all relevant times within the scope of employment and under color of law

137. Defendant Baltimore County Police Department and Baltimore County are liable as principal for all torts committed by its agents.

## COUNT XIV - STATE LAW CLAIM INDEMNIFICATION

138. Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

139. Maryland law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

140. Det. Wolf was an employee of the Baltimore County Police Department, who acted within the scope of his employment in committing the misconduct described herein.

141. ASA Lippe was an employee of the Baltimore County State's Attorney's office, who acted within the scope of his employment in committing the misconduct described herein.

### COUNT XV - STATE LAW CLAIM FREEDOM OF SPEECH

142. A criminal complaint against a person is protected by the First Amendment's guarantee of the right to petition the government for the redress of grievances. *Entler v. Gregoire*, 872 F.3d 1031 (9th Cir. 2017).

143. So too, is an attempt to report to law enforcement officers an assault allegedly perpetrated against the victim. *Meyer v. Bd. of County Comm'rs of Harper County, Okla.*, 482 F.3d 1232 (10th Cir. 2007);

144. The circumstances presented here are the result of a forbidden abridgement of the right to petition. See *New York Times Co. v. Sullivan*, 376 U.S. 254, 285 (1964).

145. Moreover, and without question, independent appellate review furthers Maryland's clear public policy encouraging a woman's legal recourse against a claimed assailant and ensures that attempts to seek such a remedy are not deterred by the imposition of substantial prison time for a perjury conviction.

### CONCLUSION

WHEREFORE, Ms. McGagh, Karen Campbell McGagh, respectfully requests that this Court enter judgment in her favor and against Defendants, Baltimore County, Baltimore County Police Department, Baltimore County State's Attorney's office, Brian Wolf and Adam D. Lippe, awarding compensatory damages, costs, and attorneys' fees, along with punitive damages against each of the individual defendants, Brian Wolf,

Scott Shellenberger, and Adam Lippe in their individual capacities and any and all relief this Court feels is appropriate. Ms. McGagh requests a jury trial.

                                        Respectfully submitted,

                                        _____
                                        Karen Campbell McGagh
                                        7116 Wardman Road
                                        Baltimore, MD 21212
                                        Phone: 667-206-0208
                                        Email: karencampbellmcgagh@gmail.com