IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|   |   |   |
|---|---|---|
| KAREN CAMPBELL MCGAGH, | * | |
| Plaintiff, | * | |
| v. | * | |
|  | * | Civil No. 22-504-BAH |
| ADAM D. LIPPE ET AL., | * | |
| Defendants. | * | |
|  | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

Pro se plaintiff Karen McGagh ("Plaintiff") brought a number of constitutional and state tort claims against Baltimore County, the Baltimore County Police Department ("BCPD"), the Baltimore County State's Attorney's Office ("BCSA"), Assistant State's Attorney Adam D. Lippe, Detective Brian Wolf, Assistant State's Attorney Scott Shellenberger, and ten Doe defendants. *See* ECF 1 (initial complaint). On August 12, 2024, Judge Blake dismissed Plaintiff's claims against Baltimore County, BCPD, and BCSA, finding that BCPD and BCSA are not sui juris (and therefore not capable of being sued) and reasoning that Plaintiff had failed to adequately plead the County's liability under *Monnell v. Dep't of Soc. Servs.,* 436 U.S. 658 (1978). ECF 40, at 5–11. Judge Blake also determined that the individual defendants did not appear to have ever been served with the complaint. *Id.* at 11. Judge Blake therefore ordered Plaintiff to submit proof of service or to ask for assistance with effectuating service by September 9, 2024. ECF 41.

After Plaintiff filed a proposed amended complaint, ECF 43, Judge Blake determined that Plaintiff was not permitted to amend her complaint as of right and directed her to revise her proposed amended complaint and submit a new version along with a motion for leave to amend

by September 18.  ECF 44.  Judge Blake advised Plaintiff that the proposed amended complaint must "exclud[e] any information not directly relevant to her claims, *see* Fed. R. Civ. P. 8(a)(1), and omit[] the Baltimore County Police Department and the Baltimore County State's Attorney's Office as defendants."  *Id.* at 2.  Judge Blake further advised that the motion for leave to file the proposed amended complaint must "explain[] how her allegations as to Baltimore County correct the deficiencies noted in the court's August 12 Memorandum [ECF 40] and why her claims as to the new defendants are timely."  *Id.*  This case was transferred to the undersigned on August 16, 2024.

On August 26, Plaintiff filed an amended complaint, ECF 46, and then a second amended complaint, ECF 47.  The complaints generally appear to be the same but contain minor differences.  The Court will presume that the later-filed proposed amended complaint, ECF 47, is the pleading Plaintiff wishes the Court to consider, and the Court will not consider the pleading at ECF 46.  The proposed amended complaint purports to rename as defendants BCSA, BCPD, Baltimore County, Adam Lippe, Brian Wolf, and Scott Shellenberger, and seeks to add as defendants the following: the Maryland Attorney General's Office, John Olszewski, Jr., Suzanne Cohen, Lisa Dever, Lawrence Heller, Lester Shockman, Elizabeth Feenstra,[1] Daniel Jawor, Andrew Costinett, Verizon Wireless, Craig Silliman c/o Verizon Legal Department, and twenty-five Doe defendants.  *See* ECF 47, at 1–2.  Plaintiff did not file a motion for leave to amend the complaint as Judge Blake had explicitly directed.  On August 29, Plaintiff also filed correspondence regarding proof of service.  She notes that:

> On August 29, 2024, the necessary motions were officially handed over to the Sheriff's Office in the US District Court for the District of Maryland in Greenbelt, MD. This approach was chosen to establish an official and traceable delivery

---

[1] The docket appears to misspell this defendant's last name as "Freenstra."  The Clerk will be directed to correct this spelling.

2

> method, ensuring transparency and adherence to procedural standards. This effort underscores Ms. McGagh's compliance with the court's instructions regarding proof of service by the specified deadline.

ECF 48, at 1. Attached to this correspondence are United States Marshals service of process forms for the defendants listed in the proposed amended complaint. *See* ECF 48, at 4–18.

As Judge Blake previously explained, Plaintiff is not entitled to amend the complaint as of right and may only do so "with the opposing party's written consent or the court's leave." *See* ECF 44, at 2 (quoting Fed. R. Civ. P. 15(a)(2)). She was directed to submit a motion for leave along with the amended complaint, *id.*, but she failed to do so.[2] Thus, the original complaint, ECF 1, remains the operative complaint and the proposed amended complaints, ECFs 46 and 47, will be stricken. The additional defendants Plaintiff seeks to add have not been added to this suit, and Plaintiff has failed to establish why Baltimore County should remain a defendant to this suit after Judge Blake's memorandum opinion explaining the dismissal of that party. *See* ECF 40, at 6–10. Therefore, the only remaining defendants are Adam D. Lippe, Brian Wolf, Scott Shellenberger, and Does 1 to 10.

The Court turns now to the issue of service. Plaintiff appears to misunderstand the proof of service Judge Blake directed her to provide. Pursuant to Fed. R. Civ. P. 4, with the filing of any civil complaint, each defendant must be served with a summons and a copy of the complaint. Fed. R. Civ. P. 4(c). Typically, plaintiffs who pay the full filing fee are responsible for effecting service of process. *See* Fed. R. Civ. P. 4(c)(1) ("The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service."). Federal Rule of Civil Procedure 4 permits the Court, in its

---

[2] Plaintiff also renamed BCPD and BCSA as defendants despite Judge Blake's clear directive not to do so.

discretion, to order the United States Marshals Service to effect service of process when a plaintiff has paid the full filing fee. *See* Fed. R. Civ. P. 4(c)(3); *see also Tolle v. Northam*, 2020 WL 1955281, at *2 (E.D. Va. Apr. 8, 2020) ("If the plaintiff is proceeding *in forma pauperis*, service by the United States Marshal is mandatory. If the plaintiff is not proceeding *in forma pauperis*, the decision falls within the discretion of the court."). Courts in this district have denied requests to have the Marshals effect service when the plaintiff has failed to provide a factual and legal basis for the request. *See Tolle*, 2020 WL 1955281, at *1; *Thresher v. Northam*, No. 3:20CV307 (DJN), 2020 WL 6323759, at *1 (E.D. Va. May 8, 2020); *Jenkins-Gaylord v. Biden*, No. 2:24-CV-00017-BO, 2024 WL 3404966, at *1 (E.D.N.C. July 12, 2024); *see also Bax v. Exec. Off. of U.S. Att'ys*, 216 F.R.D. 4, 4 (D.D.C. 2003) ("In exercising this discretion, courts have been mindful that Congress amended Rule 4 primarily to relieve United States marshals of the burden of serving summonses and complaints in private civil actions.").

Here, Plaintiff has paid the full filing fee. While she has presented the Court with United States Marshals service of process forms, which the Court construes as a request to have the Marshals effect service, she has not provided a sufficient factual or legal basis for doing so. Thus, the request will be denied. The Court will, however, extend Plaintiff's deadline for serving the Defendants to 90 days from the date of this order.[3] It appears that Plaintiff submitted summonses for the defendants along with the initial complaint, *see* ECF 1-3, but they were never issued. The Clerk will therefore be directed to issue the summonses for defendants Adam Lippe, Scott Shellenberger, and Brian Wolf.

---

[3] Typically, a defendant must be served "within 90 days after the complaint is filed." Fed. R. Civ. P. 4(m). As Plaintiff filed the initial complaint on March 2, 2022, that deadline has long since passed.

Under Fed. R. Civ. P. 4(e)(1), service of process on the individual defendants must comport with the state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located. In Maryland, service on an individual defendant is made by either: leaving a copy of the summons, complaint, and all other papers filed with it at the individual's dwelling house or usual place of abode with a resident of suitable age and discretion; or by mailing to the person to be served a copy of the summons, complaint, and all other papers filed with it by certified mail requesting "Restricted Delivery – show to whom, date, address of delivery." Maryland Rule 2-121(a). Service on an officer or the agency of the State of Maryland is made by "serving (1) the resident agent designated by the officer or agency, or (2) the Attorney General or an individual designated by the Attorney General in a writing filed with the Clerk of the Supreme Court." Md. Rule 2-124(k).

Both LexisNexis and Westlaw provide free public access to the Maryland Rules. Free public access to the Maryland Rules is also available through the Maryland State Law Library's website at: https://mdcourts.gov/lawlib/research/gateway-to-md-law/code-rules-laws-sources.

Pursuant to Fed. R. Civ. P. 4(c)(2), service of a summons and complaint may be effected by any person who is not a party and who is at least 18 years of age. Plaintiff is reminded that under Fed. R. Civ. P. 4(l), the person effecting service of the summons and complaint must promptly notify the Court,[4] through an affidavit, that they have served the defendants. If there is no record that service was effectuated on the defendants, Plaintiff risks dismissal of this case. Pursuant to Fed. R. Civ. P. 4(m) and Local Rule 103.8.a., as extended by this order, if a party

---

[4] If Plaintiff does not use a private process server, and instead uses certified mail, restricted delivery, return receipt requested, to make service, Plaintiff must file with the Clerk the United States Postal Service acknowledgment as proof of service showing who received service and when it was received.

demanding affirmative relief has not effectuated service of process within 90 days, the Court may enter an order asking the party to show cause why the claims should not be dismissed. If the party fails to show cause within the time as set by the Court, the complaint shall be dismissed without prejudice.

Accordingly, it is this 26th day of November, 2024, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. The proposed amended complaints filed without leave of Court or the consent of the opposing party, ECFs 46 and 47, are STRICKEN;

2. The original complaint docketed at ECF 1 remains the operative complaint;

3. The Clerk SHALL AMEND the docket to reflect the correct spelling of proposed defendant Elizabeth Feenstra's name and to reflect that the defendants in this case are those listed in the original complaint, ECF 1;

4. The request to have the U.S. Marshals effect service of process is DENIED;

5. The Clerk SHALL issue the summonses for Adam Lippe, Scott Shellenberger, and Brian Wolf, found at ECF 1-3, and return the summonses to Plaintiff. If service copies of the complaint were provided, the Clerk SHALL RETURN them to Plaintiff;

6. Plaintiff IS FOREWARNED that failure to effect service within 90 days may result in an order to show cause why the case should not be dismissed, and if no cause is shown the case may be dismissed without prejudice; and

7. The Clerk SHALL SEND a copy of this Order to Plaintiff.

                                                        /s/
                                         Brendan A. Hurson
                                         United States District Judge