**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| KAREN CAMPBELL MCGAGH, | * | |
| Plaintiff, | * | |
| v. | * | |
| ADAM D. LIPPE ET AL., | * | Civil No. 22-504-BAH |
| Defendants. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**<u>MEMORANDUM & ORDER</u>**

On May 13, 2026, the Court granted Defendant Shellenberger's motion to dismiss and ordered Plaintiff Karen Campbell McGagh ("Plaintiff" or "McGagh") to show good cause why the remaining federal claims should not be dismissed based on prosecutorial and statutory immunity grounds and based on the *Heck v. Humphrey* bar, and why the Court should not decline to exercise supplemental jurisdiction over the state law claims.  *See* ECF 91 (memorandum opinion); ECF 92 (implementing order).  The very same day, McGagh filed a twelve-page response.  *See* ECF 93. Since she filed the response, McGagh has filed four discovery-related motions, including motions seeking authorization of depositions of certain individuals.  *See* ECFs 94, 95, 96, and 97.  She has also filed a notice of appeal.  ECF 98.  Finally, McGagh has filed a "Motion for Correction of Factual Error in Memorandum Opinion and for Stay of Civil Proceedings Pending Habeas Corpus Resolution."  ECF 100 (hereinafter "motion for correction").  The Court has reviewed all filings filed within the allotted time.  For the reasons explained below, McGagh has not shown good cause why the Court should not dismiss the federal claims and decline supplemental jurisdiction over the state claims.  As such, this complaint will be dismissed.

McGagh argues that her filing of a habeas corpus petition warrants staying (rather than dismissing) the above-captioned action under *Heck v. Humphrey*, 512 U.S. 477 (1994). *See* ECF 93, at 2. Further, while she "does not contest" the Court's finding that many of Lippe's actions are advocative (and thus covered by prosecutorial immunity), she nevertheless contends that Defendant Lippe is not protected by prosecutorial immunity for his actions in her state court foreclosure proceedings.[1] *See id.* at 3–6. She asserts that he "inserted himself as a notification recipient" for the foreclosure case, that he "instructed Plaintiff's mortgage servicer not to communicate with Plaintiff regarding her own loan," and that he "instructed BWW Law Group, the substitute trustee firm conducting the foreclosure, not to communicate with Plaintiff." *Id.* at 4–5. She further contends that he "communicated false and fabricated characterizations of Plaintiff [through his statements made in post-conviction proceedings] to the mortgage servicer and [the trustee]." *Id.* at 5. She also asserts that "a hold notice was placed on" the foreclosure case file, that some of her filings in the foreclosure action were "stricken without adjudication," and that she did not receive the surplus funds of the foreclosure sale to which she contends she was entitled, all actions McGagh attributes to Lippe. *Id.*

McGagh has failed to show good cause why these facts defeat dismissal of the federal claims in this action. First, none of these allegations are in the operative complaint. Indeed, the complaint does not appear to reference the foreclosure proceedings at all. *See generally* ECF 1. Further, the alleged defects in the foreclosure proceeding, especially the procedural and adjudicative actions in that case, are not plausibly attributable to Lippe. A review of the foreclosure proceeding docket does not bear out McGagh's allegations. First, as to the allegation

---

[1] McGagh identifies the case number for the foreclosure proceedings as Case No. C-03-CV-19-001145 (Cir. Ct. Balt. Cnty.).

that Lippe instructed the trustee not to communicate with McGagh, the Maryland Rules require that service of all documents filed in state court cases be filed on the other parties to a case and that a certificate of service be filed in confirmation. *See* Md. Rules 1-321(a); 20-201(g); 20-205(d). And as to the allegation that Lippe instructed her loan servicer not to communicate with her, the Court takes judicial notice that the notice of intent to foreclose, dated March 4, 2019, indicates that McGagh defaulted on the loan on September 2, 2016. The events underlying the state convictions for perjury and making a false statement to police occurred months later on April 24, 2017, *see State v. McGagh*, 244 A.3d 1117, 1121 (Md. 2021), and the trial occurred in December 2017, *id.* at 1123. Thus, the action triggering the foreclosure proceeding (i.e., the non-payment of the mortgage loan) appears to have preceded any of the events related to the criminal case. Further, as the Court has previously noted, "[p]rosecutorial immunity still applies at the post-conviction stage where the prosecutor's actions are prosecutorial in nature," *see* ECF 91, at 11 (citing *Robinson v. Frosh*, Civ. No. DKC-20-0754, 2021 WL 5909106, at *4 (D. Md. Dec. 14, 2021)), so Lippe's representations there, even if they were brought to the attention of the loan servicer, are not actionable here.

The only specific action related to the foreclosure case attributable to Lippe is his apparent request to receive notifications about the foreclosure case. Assuming this is true, receiving copies of public court documents does not implicate constitutional concerns. *See Lisenby v. Lear*, No. 5:09-CV-410 DCN, 2013 WL 3762953, at *3 (D.S.C. July 16, 2013) ("Plaintiff cannot expect to have a constitutionally-protected privacy interest in matters of public record." (citing *Cox Broad. Corp. v. Cohn,* 420 U.S. 469, 493–96 (1975))), *aff'd,* 563 F. App'x 240 (4th Cir. 2014); *cf. Doe v.*

*Pub. Citizen*, 749 F.3d 246, 265 (4th Cir. 2014) (noting that the First Amendment and the common law embrace a "tradition that court proceedings are presumptively open to public scrutiny").[2]

McGagh next contends that her "property deprivation claim" is not barred by *Heck v. Humphrey*. *See* ECF 93, at 6–7. The complaint does not contain a property deprivation claim. *See* ECF 1. The Court denied McGagh's motion for leave to file an amended complaint containing such a claim because "[i]t [was] not entirely clear what specific actions McGagh alleges Lippe took or how these nondescript actions caused 'loss of property access' or other, more specific, harm" and because the allegations in the proposed amended complaint were "not sufficient to support a due process claim for property deprivation against Lippe or any of the other defendants." ECF 91, at 11.

McGagh's response to the show cause order contains a request for leave to file a "focused" amended complaint. *See* ECF 93, at 9–11. She repeats arguments previously made and contends that her state court conviction was the result of a "documented pattern of retaliation." *Id.* at 10. McGagh's conviction has been affirmed by Maryland's highest court on direct appeal, *see McGagh*, 244 A.3d at 1139, and no post-conviction court has invalidated it. There is thus no reason to amend the complaint on this basis, even under Rule 15's relatively lenient standard. There is also no basis to amend the complaint to further clarify a claim against Lippe for the actions described above regarding the foreclosure proceedings. *See* ECF 93, at 10–11. For the reasons described above, the actions McGagh has described do not support a constitutional claim against Lippe as most of the actions she describes are not plausibly attributable to him and the actions that

---

[2] This claim is also likely barred by the statute of limitations. The docket reflects that the foreclosure sale was ratified in October 2021. The statute of limitations on a § 1983 claim in Maryland is three years. *See Wallace v. Koto*, 549 U.S. 384, 387 (2006); Md. Code Ann. Cts. & Jud. Proc. § 5-101.

are do not rise to the level of a constitutional violation.   McGagh's request for leave to amend will be denied.

While initially arguing that these claims should be stayed, McGagh appears to concede that her claims are largely barred by *Heck*.  *See id.* at 8 ("The Court correctly held that the Heck-barred § 1983 claims have not yet accrued and cannot be stayed because no cause of action yet exists. . . . Plaintiff does not contest that ruling."). To the extent McGagh argues that the *Heck*-barred claims should be dismissed without prejudice, not with prejudice, *see id.*, she is correct.  *See Heck*, 512 U.S. at 490 ("find[ing] that the dismissal [without prejudice] of the action was correct").  In the motion for correction, McGagh appears to again change course and argue that a stay, rather than dismissal, of her *Heck*-barred claims is warranted.  *See* ECF 100, at 1 (seeking to "correct a material factual in this Court's May 13, 2026 Memorandum Opinion and, on that basis, to stay rather than dismiss this civil action").  She asserts that the Court erroneously stated that she "'has not filed such a petition' for writ of habeas corpus[,]" a "factual premise [that] is incorrect and material to the Court's analysis."  *Id.* at 2.

McGagh's habeas petition was filed on May 19, 2026.  *See Campbell McGagh v. Secretary, Maryland Department of Public Safety and Correctional Services*, Civ. No. 26-1980-BAH.  It has since been dismissed without prejudice for failure to cure deficiencies, including either paying the filing fee or moving to proceed in forma pauperis.  *See* Civ. No. 26-1980-BAH, ECF 4.   More importantly, the fact that a habeas petition has been filed does not materially alter the conclusion that claims barred by *Heck* should be dismissed rather than stayed.  These claims do "not accrue

until the conviction or sentence has been invalidated." *Heck*, 512 U.S. at 489–90. This motion will be denied.[3]

McGagh has not shown good cause why the complaint should not be dismissed in its entirety. The Court applies the same prosecutorial and statutory immunity analysis to Lippe that it employed in evaluating Shellenberger's motion to dismiss. To the extent McGagh seeks to bring a new claim against Lippe for alleged interference in the foreclosure proceedings, that request is denied for the reasons explained above and previously explained in the Court's May 13 memorandum opinion. *See* ECF 91, at 11. McGagh's § 1983 and § 1985 claims are dismissed pursuant to *Heck v. Humphrey*.[4] The Court declines to exercise supplemental jurisdiction over McGagh's state law claims. The motion for correction, ECF 100, is denied. The remaining pending motions are denied as moot.

For the foregoing reasons, it is this 9th day of June, 2026, by the United States District Court for the District of Maryland hereby ORDERED that:

(1) Defendant Lippe is DISMISSED from this suit;

(2) Counts I through IX are DISMISSED WITHOUT PREJUDICE as barred by *Heck v. Humphrey*;

---

[3] Since its May 13 memorandum opinion, the Court has identified additional cases filed by McGagh, including a habeas petition, all of which have been dismissed. *See Campbell v. Verizon*, Civ. No. 20-1655-RDB; *Campbell McGagh v. The Supreme Court of Maryland*, Civ. No. 24-1015-MJM; *Campbell McGagh v. The Supreme Court of Maryland*, Civ. No. 24-998-TDC; *Campbell McGagh v. Secretary*, Civ. No. 26-221-LKG. These cases were not retrieved in previous searches, *see* ECF 91, at 3, n.4 (listing dozens of cases filed by McGagh that have been dismissed), because they were filed under the last name "Campbell" or "Campbell McGagh." The habeas petition was filed on January 16, 2026, and voluntarily dismissed on February 5, 2026. *See* Civ. No. 26-221-LKG, ECFs 1 and 8.

[4] To the extent Count XV, titled "state law claim freedom of speech" can be read as a First Amendment challenge brought under § 1983, that claim is also barred by *Heck v. Humphrey* as it implicates the validity of her conviction.

(3) The Court DECLINES to exercise supplemental jurisdiction over Counts X through XV;

(4) The complaint is DISMISSED as described herein;

(5) McGagh's request to amend the complaint to add a claim pertaining to Lippe's alleged interference in the foreclosure proceedings is DENIED;

(6) The motion for correction, ECF 100, is DENIED;

(7) The remaining pending motions, ECFs 58, 81, 84, 94, 95, 96, and 97, are DENIED as moot;

(8) The Clerk is directed to CLOSE this case and transmit a copy of this memorandum and order to McGagh and counsel of record; and

(9) The Clerk is directed INFORM the Clerk of the United States Court of Appeals for the Fourth Circuit of the entry of this memorandum and order in accordance with the correspondence docketed at ECF 101.

/s/
_____
Brendan A. Hurson
United States District Judge
